# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Agility Logistics Services Company KSC | ) ASBCA Nos. 57415, 57416, 57417 |
| | ) 57418, 57419, 57420 |
| | ) 57421, 57422, 57423 |
| | ) 57424, 57425, 57426 |
| | ) 57895, 57896, 57897 |
| | ) 57898, 57899, 57900 |
| | ) 57901, 57902, 57903 |
| | ) 57904, 57905, 57906 |
| | ) 57907 |
| Under Contract No. DABV01-04-D-0014 | ) |

APPEARANCES FOR THE APPELLANT:   Michael R. Charness, Esq.
John P. Elwood, Esq.
Jamie F. Tabb, Esq.
Joshua S. Johnson, Esq.
Elizabeth Krabill McIntyre, Esq.
  Vinson & Elkins
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
  Army Chief Trial Attorney
Robert B. Neill, Esq.
  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE PARTIES' MOTIONS TO COMPEL AND RULING UPON REMAND FROM THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

These appeals have been remanded by the United States Court of Appeals for the Federal Circuit for the limited purpose of determining the real party in interest and the effect of that finding upon the Board's 9 December 2014 decision dismissing the appeals for lack of jurisdiction. The court of appeals retains jurisdiction over the appeal while the Board issues this determination. *Agility Logistics Services Co. KSC v. Carter,* No. 2015-1555, slip op. (Fed. Cir. March 10, 2016), *remanding Agility Logistics Services Co. KSC,* ASBCA No. 57415 *et al.*, 15-1 BCA ¶ 35,840. Because these appeals involve contracts with the Coalition Provisional Authority of Iraq (CPA), and the Board cannot exercise jurisdiction over disputes arising from them, the identity of the real party in interest is inconsequential to the Board's 9 December 2014 dismissal. Consequently, any real party in interest issues would be governed by the

law of Iraq. Because the parties made no showing about the nature of that law, and the Board lacks expertise in it, the Board cannot determine who, if anyone, is the real party in interest to these claims in that nation. During the remand procedures, the parties also filed motions to compel responses to written discovery. The Board denies those motions.

## I. *Background*

In summary, the appeals arise from contracting officer decisions issued under the above-referenced contract awarded to Public Warehousing Company, KSC (PWC) by the CPA (app. Rule 21 report (R21), ex. 10 at GA 26).* *See generally Agility Logistics Services*, 15-1 BCA ¶ 35,840 at 175,262. PWC is a Kuwaiti company (R21, ex. 10 at GA 61; gov't remand br. at 3, ¶ 1). On 23 September 2010, the contracting officer issued government claims to a subsidiary of PWC called Agility Defense and Government Services KSC or Agility DGS Logistics Company KSC (Agility DGS) seeking $80,830,305.62 allegedly due under certain contract task orders (app. remand br. ¶ 2; gov't remand br. ¶¶ 5, 46) *Agility Logistics Services*, 15-1 BCA ¶ 35,840 at 175,265. On 19 April 2011, another purported entity, Agility Logistics Services Company KSC (Agility LSC), ostensibly submitted a certified claim to the contracting officer for $47,196,205.98 in costs allegedly owed under the contract's task orders (R21, ex. 10 at GA 100). That claim was denied on 15 December 2011. *Agility Logistics Services*, 15-1 BCA ¶ 35,840 at 175,265. According to that document, PWC changed its name to Agility LSC in November 2006 (R21, ex. 10 at GA 100). The Board consolidated appeals from all of the contracting officer decisions under the Agility LSC caption after the parties stipulated it was the proper appellant for all of the final decisions and agreed there were no jurisdictional problems with proceeding. The parties also stipulated that the contracting officer claims against Agility DGS were deemed to have been against Agility LSC, which had properly and timely appealed the decisions. (R21, ex. 10 at GA 54-55)

Relying upon its established precedent, the Board ruled on 9 December 2014 that the CPA is not an "executive agency" under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, nor could the contract be the subject of an appeal under the ASBCA Charter. *Agility Logistics Services*, 15-1 BCA ¶ 35,840 at 175,266-67 (citing *MAC Int'l FZE*, ASBCA No. 56355, 13 BCA ¶ 25,299; *MAC Int'l FZE*, ASBCA No. 56355, 10-2 BCA ¶ 34,591). Accordingly, the Board held it lacked jurisdiction to entertain appeals arising from the contract and dismissed these appeals. Notably, the Board also found that CPA Order No. 100 had rescinded the original Disputes clause of the contract and provided for disputes resolution in accordance with the laws of Iraq. *Id.* at 175,263-64.

---

* Record citations are to the Board Rule 21 Reports submitted by the parties upon remand.

Agility LSC then appealed the Board's decision to the Court of Appeals for the Federal Circuit. Its counsel subsequently represented to the court of appeals that, contrary to prior statements, PWC had not changed its name to Agility LSC. According to counsel, PWC's current name is Agility Public Warehousing Company KSCP. Counsel contended before the court that references to Agility LSC should be understood to mean Agility Public Warehousing Company KSCP. The government asked for a remand, questioning Agility LSC's standing, the assumptions behind the parties' stipulation that Agility LSC was the proper party, and its CDA certification. The court ordered a limited remand to the Board to determine the real party in interest and the impact of that determination on the Board's 9 December 2014 decision dismissing the appeal. *Agility Logistics Services Co. KSC v. Carter*, No. 2015-1555, slip op. at 3-4.

## II.    *Clarification to the Board's 9 December 2014 Decision*

After review on remand, there is no dispute that the contract was awarded by the CPA to PWC on 6 June 2004 (app. remand br. ¶ 1; gov't remand br. ¶¶ 1, 27; R21, ex. 10 at GA 26). Nor is it disputed that the contractor remains the entity formerly known as PWC, which changed its name in Kuwait to Agility Public Warehousing Company KSC on 25 May 2008 (app. remand br. ¶¶ 7, 11, 17; gov't remand br. ¶¶ 3, 27, 29). There is also now agreement that Agility LSC has never existed (app. remand br. ¶¶ 8, 11; gov't remand br. ¶ 34). Accordingly, the Board clarifies that Agility LSC is not the contractor.

## III.    *Effect of A Real Party In Interest Determination on the Board's Prior Ruling*

"[T]he real-party-in-interest principle is a means to identify the person who possesses the right sought to be enforced." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1542 (3d ed. 2010). Considering the second issue remanded by the court of appeals first, the identity of the party possessing the legal right sought to be enforced under this contract does not impact the Board's 9 December 2014 dismissal for lack of jurisdiction. The Board's dismissal did not focus upon the identity or status of the claimant, but instead upon the governmental entity that was party to the contract. Neither the CDA nor the ASBCA Charter confer jurisdiction upon the Board to entertain an appeal arising from this contract with the CPA. *Agility Logistics Services*, 15-1 BCA ¶ 35,840 at 175,266-69. That result is unaffected by further inquiry into the identity of the real party in interest attempting to pursue the appeal against the CPA.

On remand, the government suggests that because Agility LSC does not exist it lacks standing to pursue these appeals, which the government says constitutes a basis to change the dismissal from one without prejudice to one with prejudice. "'Standing'

is an inquiry into 'whether the [claimant] constitutes the type of person or party that may submit the case or controversy proffered for consideration.'" *SWR, Inc.*, ASBCA No. 56708, 12-1 BCA ¶ 34,988 at 171,945 (quoting *Maniere v. United States*, 31 Fed. Cl. 410, 420 (1994)). Lack of standing is a jurisdictional defect, dictating a dismissal without prejudice. *See Pacific Gas and Elec. Co. v. United States*, 838 F.3d 1341, 1349-50 (Fed. Cir. 2016); *Broadway Consol. Cos., Inc.*, ASBCA No. 56905, 11-2 BCA ¶ 34,884. Thus, it is not a basis to change the nature of the existing dismissal.

The government also challenges the validity of the CDA claim certification purportedly submitted by Agility LSC. The government acknowledges that its attack upon the certification presumes the CDA applies even though it agrees with the Board the CDA does not. The government essentially seeks an opinion about the certification's validity under a hypothetical scenario where the CDA applies. The Board declines to engage in such an exercise.

IV.    *Real Party In Interest*

Typically, once a forum determines it lacks jurisdiction over an action it makes no further findings and dismisses. *See* FED. R. CIV. P. 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998). However, the court of appeals seeks the Board to determine the real party in interest. "[T]o determine whether the requirement that the action be brought by the real party in interest has been satisfied, the [Board] must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." WRIGHT, MILLER & KANE, § 1544. As noted, it is undisputed that Agility LSC does not exist and neither party now contends that it is the real party in interest. Appellant contends the real party in interest is PWC, which has now legally changed its name in Kuwait to Agility Public Warehousing Company KSCP. It requests the Board to recaption the appeal with that name.

The Board found in its initial decision that the Iraqi Interim Government assumed responsibility for this contract upon dissolution of the CPA. It also found that, immediately prior to that transfer of authority, CPA Order No. 100 rescinded this contract's Disputes clause and provided for resolution of disputes in accordance with the laws of Iraq. *Agility Logistics Services*, 15-1 BCA ¶ 35,840 at 175,263-64. Board Rule 6(c) states that the determination of foreign law is a question of law. Though the Board may attempt to ascertain foreign law on its own, it may impose upon the party relying upon it the burden of demonstrating its application. *Weigel Hochdrucktechnik GmbH & Co. KG*, ASBCA No. 57207, 12-1 BCA ¶ 34,975 at 171,924. Appellant has not shown who, if anyone, possesses a right to sue upon these claims under the law of Iraq, and the Board lacks sufficient expertise to answer that question on its own. Additionally, though appellant has presented documentation indicating that PWC changed its name in Kuwait to Agility Public Warehousing

4

Company KSCP, it has not shown that evidence would be recognized in Iraq. For this reason, as well as the fact that it is beyond the scope of the remand order, appellant's request to re-caption the appeal is denied.

## V. *Motions to Compel*

Finally, the government has filed a motion to compel certain written discovery it served after remand. The motion applies to requests about CDA claim certifications, Agility LSC's status, the identities of people with knowledge about its status, dates that it was discovered not to exist, and requests for production of responsive documents. Appellant filed a motion to compel seeking its own specified relief only in the event the government prevailed upon its motion. The parties then completed briefing the remand proceeding without a ruling on the motion to compel. Given the Board's determination that the CDA does not apply, information about the purported CDA certification is irrelevant. Similarly, it is undisputed that Agility LSC does not exist. The government has failed to show why the specific details it seeks about when that fact was discovered, and who knew about it, is relevant to the remand proceeding. *See* FED. R. CIV. P. 26(b)(1) (restricting discovery to matters that are relevant to a party's claim or defense). Accordingly, the government's motion to compel (as well as appellant's contingent motion) is denied.

## CONCLUSION

In summary, the Board makes three primary conclusions on remand. First, the identity of the real party in interest possessing the legal right sought to be enforced under this contract does not impact the Board's 9 December 2014 dismissal for lack of jurisdiction. Second, determining the application of any real party in interest standard requires resort to the law of Iraq. The parties have made no effort to demonstrate that law and the Board does not possess the expertise to determine it. Third, Agility LSC does not exist, PWC (as known by subsequent names) is the contractor, but the Board cannot determine whether Agility Public Warehousing Company KSCP is PWC's recognized name in Iraq. Finally, the parties' motions to compel are denied.

Dated: 14 February 2017

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 57415, 57416, 57417, 57418, 57419, 57420, 57421, 57422, 57423, 57424, 57425, 57426, 57895, 57896, 57897, 57898, 57899, 57900, 57901, 57902, 57903, 57904, 57905, 57906, 57907, Appeals of Agility Logistics Services Company KSC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6